IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH WITHERSPOON, #295-436,<br>    Petitioner | * |
| | * |
| v. | CIVIL ACTION NO.  AMD-05-2115 |
| | * |
| STATE OF MARYLAND,<br>    Respondent | * |

******

MEMORANDUM

On July 16, 2005,[1] petitioner Kenneth Witherspoon filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for robbery entered against him in 2000 by the Circuit Court for Wicomico County.  Paper No. 1. On September 28, 2005, respondent responded to petitioner's application for habeas relief solely addressing the timeliness of petitioner's application. Paper No. 6.  On November 4, 2005, respondent filed a supplemental answer to the petition further addressing the timeliness issue.  Paper No.  9.  Petitioner was given an opportunity to file a reply to the answer, i.e., to explain that his petition was timely-filed. Petitioner has filed a response. Paper No. 10.

Procedural History

Petitioner entered an *Alford*[2] plea to the charge of robbery on July 26, 2000, in the Circuit Court for Wicomico County. Paper No. 6, Ex. 1.  He did not seek direct appellate review. *Id.* Accordingly, petitioner's conviction became final on August 25, 2000, when the 30 day period to file an application for leave to appeal expired.  *See Wade v. Robinson*, 327 F. 3d 328, 330-33 (4th

---

[1] The petition was received by the court on August 2, 2005.  For purposes of assessing the timeliness of the petition, the court treats the petition as having been filed on the date it was delivered to prison officials. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mailbox rule to petition filed pursuant to 28 U.S.C. § 2255).

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Cir. 2002).

On July 20, 2001, petitioner instituted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. That petition was denied on August 23, 2002. *Id.* His Application for Leave to Appeal from the denial of post conviction relief was denied in an unreported decision on March 9, 2004. *Id.* The court's mandate issued on April 8, 2004. *Id.*

Petitioner moved to re-open his post conviction case on November 1, 2004. His motion was denied as untimely on November 18, 2004. *Id.* On August 8, 2005, the Court of Special Appeals of Maryland granted petitioner's motion to reconsider the dismissal of his application for leave to appeal the denial of his motion to reopen post conviction proceedings and recalled the order dismissing the application. Paper No. 9, Ex. 1. On August 10, 2005, the Maryland Court of Special Appeal summarily denied petitioner's application for leave to appeal the denial of his motion to reopen post conviction proceedings. *Id.*, Ex. 2.

## Analysis

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. *See* 28 U.S.C. § 2244(d).[3] This one year period is, however, tolled while properly filed post conviction proceedings

---

[3]This section provides:
> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the

are pending and may otherwise be equitably tolled. 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Wicomico County became final on August 25, 2000. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202.  Between August 25, 2000,  and July 20, 2001, the date on which petitioner instituted state post conviction proceedings, petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period.[4] *See* 28 U.S.C. § 2244(d)(2). Similarly, from the conclusion of his state post conviction proceedings on April 8, 2004, and the filing of his motion to re-open his state post conviction proceedings filed nearly seven months later on November 1, 2004, he had no proceedings pending which would have tolled the one year limitation period.

Petitioner claims that the nearly seven month period between April 8, 2004, and November 1, 2004, should be equitably tolled. Paper No. 10. Petitioner states that he was transferred to the Eastern Correctional Institution from the Roxbury Correctional Institution on March 15, 2004.  He states that during this transfer (and other transfers that did not occur at times pertinent to this case) he was subject to property restrictions. Petitioner admits that pursuant to Division of Corrections

---

        United States ir removed, if the applicant was prevented from filing by such State action;
(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] At the time petitioner initiated state collateral proceedings, he had approximately 35 days remaining before the one year limitations period barred his claims in this court.

3

regulations he was permitted to maintain 1.5 cubic fee of papers and books. He states, however, that when he was transferred on March 15, 2004, he "was required to send legal papers and books home, that were relevant to the reopening of his post conviction proceedings." He states that he was not able to reacquire those papers until on or about October 27, 2004. *Id*. Petitioner further maintains that in March 2004, the librarian at ECI retired and there was no regular librarian, resulting in irregular access to the law library until early October 2004. Lastly, Petitioner states that he was on a segregation unit from July 9, 2004, until September 9, 2004, and that during this time he was denied access to his legal papers. Petitioner maintains that the combination of these events limited his ability to file to re-open his post conviction case. *Id.*

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.* at 330 (quoting, *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: (1) where the respondent's acts prevent the petitioner from asserting the claim, or (2) where extraordinary circumstances, beyond the petitioner's control, prevent petitioner from filing a timely claim. *Id*. (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Equitable tolling of the federal habeas limitation period is available only when the principle of equity would make the rigid application of a limitation period unfair. Equity is not available, however, to a party who fails to act with diligence. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("[o]ne who fails to act diligently cannot invoke equitable principles to

excuse that lack of diligence"). Petitioner has failed to explain his *11 month delay* in filing his state post conviction petition, instead focusing on the *seven month delay* in moving to re-open state post conviction proceedings.  Petitioner states that he was denied access to unspecified pieces of his legal materials during a transfer to a new facility and that once at the new facility he had limited access to the law library. But, petitioner has failed to explain how these events prevented him from filing his motion to re-open in the state court or prevented him from filing the instant case. Petitioner admits that he was entitled to keep 1.5 cubic feet of property. He has failed to explain how legal papers generated from the entering of an *Alford* plea and a one day post conviction hearing exceeded his allowable property.  If plaintiff chose to send home pertinent legal papers in favor of keeping other personal property during his transfer, such a choice cannot be attributable to respondent.

Likewise, petitioner's 60 days in segregation, during which he claims he had no access to his legal papers, was an event singularly within his control. There is no evidence that any wrongful conduct by the state caused petitioner's delay in filing. Petitioner is not entitled to equitable tolling of limitations during the period when he was transferred to another facility, and thus did not have access to his papers. Petitioner does not claim that his transfer was unconstitutional or otherwise inappropriate.  Moreover, he does not claim that he made any specific efforts to file either the motion to re-open or the instant application within the established limitations period.  In short, petitioner has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. Accordingly, equitable tolling is not appropriate.  *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (finding petitioner was not entitled to equitable tolling of limitations during the period when he was transferred to another facility, and did not have access to his papers).

*See also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

## Conclusion

For the above reasons, the court finds there is no basis upon which to extend the one-year deadline based on equitable tolling. Therefore, the petition shall be dismissed as time-barred.


Filed: February 27, 2006               _/s/_____
                                       Andre M. Davis
                                       United States District Judge